UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Alpha Waste Systems, LLC,             Case No. 3:13-cv-2462

    Plaintiff

    v.                              MEMORANDUM OPINION
                                                   AND ORDER

Resource Reclamation Toledo, LLC,

    Defendant


This matter comes before me on Defendant's motion to dismiss. For the reasons that follow, Defendant's motion to dismiss is granted without prejudice.

### BACKGROUND

Around April 2010, Alpha Waste Management Systems LLC ,("Alpha"), entered into a contract with Resource Reclamation Toledo LLC ("Resource") to connect Resource with entities that provide auto shredder residue[1] ("ASR") in exchange for a commission of $1 per ton of ASR processed. (Doc. No. 1 ¶ 8).

Alpha alleges Resource has refused to pay Alpha commissions on ASR received from Brooklyn Resource Recovery after July 2012; Union Metal and Iron after November 2012; and Trenton Iron and Metal after August 2013. (Doc. No. 1 ¶ 11-20).

---

[1] Resource processes auto shredder residue to recover metals, plastics, and other recyclable commodities. (Doc. No. 1 ¶ 6).

Plaintiff brought claims[2] alleging breach of contract, promissory estoppel, unjust enrichment, and fraud, as well as a cause of action for an accounting, all related to commissions. (Doc. No. 1 ¶ 21-71). Resource moves for dismissal under Fed. R. Civ. P. 12(b)(6) for lack of capacity to bring a claim in Ohio pursuant to O.R.C. § 1705.58(A).

### STANDARD

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### DISCUSSION

As a threshold matter, the capacity of unincorporated associations to sue in a federal court is determined by "the law of the state where the court is located.'" Fed. R. Civ. P. 17(b)(3); *see* 4 J. Moore et al., Moore's Federal Practice § 17.26[4][a] (3d ed. 2013). Alpha is an unincorporated

---

[2] The complaint includes causes of action sounding in: (1) breach of contract re: Trenton Iron and Metal; (2) promissory estoppel re: Trenton Iron and Metal; (3) unjust enrichment re: Trenton Iron and Metal; (4) fraud re: Trenton Iron and Metal; (5) breach of contract re: Brooklyn Resource Recovery; (6) promissory estoppel re: Brooklyn Resource Recovery; (7) unjust enrichment re: Brooklyn Resource Recovery; (8) fraud re: Brooklyn Resource Recovery; (9) breach of contract re: United Iron and Metal; (10) promissory estoppel re: United Iron and Metal; (11); unjust enrichment re: United Iron and Metal ; (12) fraud re: United Iron and Metal; and (13) an accounting.

association because it is a limited liability company; therefore, Alpha's capacity to sue is governed by Ohio law.

1. Alpha's Capacity Under O.R.C. § 1705.58(A)

Defendant moves for dismissal because Plaintiff is not registered with the state of Ohio and therefore lacks the capacity to bring suit in Ohio. Ohio Rev. Code Ann. § 1705.58(A) states, "[a] foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58."

Alpha concedes it is subject to § 1705.58(A) as a foreign limited liability company with its principal place of business in Florida (Doc. No. 1 at ¶ 1), but claims it is exempt from registering because its engagement in Ohio is "solely in interstate commerce." (Doc. No. 13 at 1-2). For the following reason, I find Plaintiff is not exempt and must comport from the requirements of O.R.C. § 1705.58(A).

In interpreting O.R.C. § 1705.58(A), Ohio courts often reference sister statute O.R.C. § 1703.28(A) which requires foreign corporations to be licensed in Ohio before bringing suit. *Sta-Rite Indus., LLC v. Preferred Pump & Equip.*, 2008 WL 3874676, at *2 (N.D. Ohio 2008) (Dowd, J.) ("[t]here is no Ohio case law on point regarding ORC § 1703.29(A), which pertains to foreign limited liability companies… however there is some case law regarding ORC § 1703.29(A), which is a very similar law applying foreign corporations"); *see also Ferron v. Search Cactus LLC*, 2007 WL 1792331, *2 (S.D. Ohio 2007) ("[t]here is no case law directly on point regarding actions or proceedings maintained by unregistered foreign limited liability companies… however, [there is] applicable precedent regarding… ORC § 1703.29(A)").

Under O.R.C. § 1703.02, a foreign corporation engaged "solely in interstate commerce" may be exempt from licensing with the state. No such statutory exemption exists, however, for foreign limited liability companies, and Ohio courts have yet to apply § 1703.29(A)'s exemption statute to § 1705.58(A). *See, e.g., CACV of Colorado LLC v. Hillman*, 2009 WL 4263330, at *6 (Ohio App. 3d

3

2009) ("[n]o exceptions are apparent for unregistered foreign LLCs"); *Ferron v. Echostar Satellite LLC*, 2009 WL 9159954, at *2 (S.D. Ohio 2009) ("§ 1703.02… applies only to foreign *corporations*"); *Columbus Steel Castings Co. v. Transp. Assocs., LLC*, 2007 WL 4340558, at *15 (Ohio App. 10th 2007) ("[b]y its express terms, R.C. 1703.02 pertains to foreign corporations, not foreign limited liability companies").

Absent a statutory exemption or a finding that § 1703.02 applies to foreign limited liability companies subject to § 1705.58(A), Plaintiff being engaged "solely in interstate commerce" in Ohio does not exempt it from meeting the requirements of § 1705.58(A).

2. Motion to Dismiss Granted Without Prejudice

Plaintiff contends dismissal without an opportunity to cure "flies in the face of the actual language of [§ 1705.58(A)]… that an unlicensed foreign limited liability company may not '*maintain* any action,'" (Doc No. 13 at 4) (emphasis added), citing the *Ferron* court in support: "'Maintain' simply means '[t]o do something).' By that definition, this court could, and does read §§ 1703.29(A) and 1705.58(A) as meaning that an unlicensed foreign corporation or unregistered foreign limited liability company cannot *continue* an action until they are properly licensed or registered." 2007 WL 1792331, at *2 (emphasis added).

Some courts claim judicial economy is better served by "dismissing the case [] rather than taking the case to a judgment that may later be rendered invalid due to plaintiff's incapacity when the suit was commenced," *Sta-Rite*, 2008 WL 3874676, at *2. Others claim "dismissing the Complaint and requiring [Plaintiff] to obtain license before continuing this case is judicially prudent, and will best safeguard the resources of the Court and the parties." *GKP, LLC v. Wells Fargo & Co.*, 2013 WL 5353799, at *6 (N.D. Ohio 2013).

Rather than expend judicial resources and risk Plaintiff's judgment being rendered invalid for lack of capacity, Defendant's motion to dismiss is granted without prejudice. Should Plaintiff register, it may refile the suit.

**CONCLUSION**

4

For the reasons stated above, Defendant's motion to dismiss (Doc. No. 9) is granted without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge